**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JENARIUS BROWN** | **CIVIL ACTION NO. CV 25-_____** |
| **V.** | **JUDGE_____** |
| **MAJOR DEDRICK MIRE;** | **MAG. JUDGE_____** |
| **SERGEANT ERNEST CHARRIER;** | |
| **SERGEANT QUINTELL WOODS;** | |
| **DUSTIN DAUZAT; AND** | |
| **STATE OF LOUISIANA THROUGH** | |
| **LOUISIANA DEPARTMENT OF** | |
| **PUBLIC SAFETY AND CORRECTIONS** | |
| **RAYMOND LABORDE** | |
| **CORRECTIONAL CENTER** | |

## NOTICE OF REMOVAL

COMES NOW, Defendant, State of Louisiana through the Department of Public Safety and Corrections ("DOC") ("Defendant"), which hereby removes this action from the 12th Judicial District Court of Avoyelles Parish, Louisiana, to the United States District Court for the Western District of Louisiana on the following grounds:

### I.    STATEMENT OF THE CASE

1.

This action was filed in the 12th Judicial District Court of Avoyelles Parish, Louisiana as Civil Action No. 2025-00003541 on June 30, 2025. (See Exhibit A, Petition for Damages/Use of Force).

2.

Defendant DOC was served through the AG's office on July 15, 2025, with the Citation and Petition for Damages. (See Exhibit B, Service Return for DOC). This Notice of Removal is therefore timely. 28 U.S.C.A. § 1446(b)-(c).

1

3.

Service was attempted on certain individual defendants as shown in the service returns. Upon information and belief, not all defendants have been properly joined and served at this time.

4.

Defendants Charrier, Dauzat, Mire, and DOC consent to removal as permitted by 28 U.S.C. § 1446(b)(2)(C).

5.

The Petition for Damages asserts causes of action relating to excessive force allegedly used upon plaintiff, Jenarius Brown ("Plaintiff") who is incarcerated at the Raymond Laborde Correctional Center.

## II.    PROCEDURAL REQUIREMENTS

6.

This notice is filed on behalf of Defendants DOC, Dauzaut, Mire, and Charrier, in accordance with 28 U.S.C. § 1446(b)(2)(A). All properly joined and served defendants have provided their consent to the removal, as required under 28 U.S.C. § 1446(b)(2).

7.

Concurrent with the filing of this Notice or promptly thereafter, Defendant is serving this Notice of Removal on all adverse parties pursuant to 28 U.S.C.A. § 1446(d).

8.

Pursuant to 28 U.S.C. § 1446(a), copies of all state court documents served upon or provided to Defendant are attached as follows:

1.  Exhibit A - Petition for Damages/Use of Force served on July 15, 2025; and

2.  Exhibit B - Service Returns.

9.

As of August 9, 2025, there have been no substantive orders issued by the 12th Judicial District Court, Avoyelles Parish, Louisiana, in this matter other than the order granting plaintiff permission to proceed in forma pauperis.

10.

Removal to this Court is proper because the 12th Judicial District Court, Avoyelles Parish, Louisiana, lies within the territorial jurisdiction of the Western District of Louisiana.

## III.    ARGUMENT

### Federal Question Jurisdiction Under 28 U.S.C.A. § 1441(a)

11.

This case is removable under 28 U.S.C. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Petition for Damages asserts claims "arising under" federal law within the meaning of 28 U.S.C.A. § 1331.

12.

On its face, the Petition for Damages states claims under federal law. The Petition expressly asserts claims under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. (See Exhibit A, Petition for Damages, Section titled "FIRST CLAIM FOR RELIEF - SECTION 1983 VIOLATION OF CIVIL RIGHTS").

13.

Further, Plaintiff alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment through the use of excessive force by correctional officers. These federal constitutional claims independently establish federal jurisdiction.

## Supplemental Jurisdiction Under 28 U.S.C. § 1367

14.

When a case is removed based on federal question jurisdiction, a District Court has supplemental jurisdiction "over all other claims that are so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367.

15.

Here, all of the conduct and complaints alleged in Plaintiff's Petition arise from the same set of transactions and occurrences - specifically, the alleged use of force incident on September 2, 2024. To the extent that any cause of action stated in the Petition does not fall within the federal question jurisdiction of the District Court (such as the state law negligence and *respondeat superior* claims), Defendant requests the Court exercise its supplemental jurisdiction over such residual causes of action pursuant to 28 U.S.C. § 1367.

WHEREFORE, Defendants, having shown that this case is properly removable, give notice pursuant to 28 U.S.C. § 1446 that Civil Action No. 2025-00003541, pending in the 12th Judicial District Court of Avoyelles Parish, Louisiana, is removed to the United States District Court for the Western District of Louisiana, and respectfully request that this Court exercise jurisdiction over the action.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _/s/ Joshua J. Dara, Jr._
      Joshua J. Dara, Jr. (#35739)
      jdara@goldweems.com
      R. Morgan Briggs (#38141)
      mbriggs@goldweems.com
      Connor C. Headrick (#38265)
      cheadrick@goldweems.com
      2001 MacArthur Drive
      P.O. Box 6118
      Alexandria, LA 71307-6118
      Telephone: (318) 445-6471
      Facsimile: (318) 445-6476
**ATTORNEYS FOR DEFENDANTS**